*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
September 24, 2020

Plaintiff-Appellee,

v

No. 339117
Wayne Circuit Court
LC No. 16-008073-01-FC

NADEEM YOUSAF RAJPUT,

Defendant-Appellant.

ON REMAND

Before: MURRAY, C.J., and BORRELLO and RONAYNE KRAUSE, JJ.

RONAYNE KRAUSE, J. *(concurring in part and dissenting in part)*

I fully concur with the majority's analysis and conclusions regarding the admissibility and significance of Pierre Carr's testimony about Dewayne Clay's statement to the victim via telephone during the vehicular chase. Although we have been ordered by our Supreme Court to consider whether the absence of a self-defense instruction was harmless beyond a reasonable doubt, I would conclude that the resolution of the evidentiary issue is outcome-determinative and renders consideration of defendant's self-defense instruction irrelevant. To the extent we are nevertheless required to engage in the exercise, I respectfully disagree with the majority's analysis of the self-defense instruction issue.

First, I would refrain from discussing whether the instruction should have been given to the jury, because our Supreme Court has already made that determination. Secondly, I am not persuaded that the absence of the instruction, on the evidence and argument presented to the jury previously, was not harmless beyond a reasonable doubt. Notably, the trial court properly instructed the jury on "mere presence" and told the jury that it could not convict defendant if it believed that defendant had neither encouraged nor assisted "Haus" in committing the shooting. Defendant denied even knowing that Haus had a gun. If the jury substantively believed defendant that (1) he did not have a gun and did not know about Haus's gun, (2) he only pursued the victim to find out who shot at him, and (3) the shooting only occurred because Haus reacted to the victim producing a gun; then the jury could not have convicted defendant as a principal and would have

-1-

been required to acquit him on "mere presence" grounds because he did nothing to encourage the shooting. I would find that the absence of the self-defense instruction was, under the circumstances of the prior trial, harmless beyond a reasonable doubt, because the jury necessarily made factual determinations that would have been inconsistent with a finding of self-defense.

Because defendant is otherwise entitled to a new trial, our Supreme Court has already determined that he would be entitled to an instruction on self-defense, and the constellation of evidence to be presented to the jury on retrial will almost certainly be different, it is irrelevant whether the lack of a self-defense instruction at defendant's first trial was harmless. I fully concur with the result reached by the majority, albeit solely on the basis of the omission of Carr's testimony regarding Clay's statement.

/s/ Amy Ronayne Krause